An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE
REINSTATEMENT OF ROBERT W.
WEATHERFORD,
BAR NO. 7949.

No. 63849

FILED

SEP 24 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

### ORDER APPROVING CONDITIONAL GUILTY PLEA IN EXCHANGE FOR STATED FORM OF DISCIPLINE AND ORDER OF REINSTATEMENT

A Southern Nevada Disciplinary Hearing Board hearing panel has recommended that this court approve a conditional guilty plea in exchange for a stated form of discipline under SCR 113 for attorney Robert W. Weatherford. In particular, the plea agreement provides for a two-year suspension effective from November 17, 2011, the date of Weatherford's temporary suspension pursuant to SCR 111. The State Bar of Nevada and Weatherford stipulated that his disciplinary proceeding would be combined with a reinstatement hearing under SCR 116, and the State Bar recommended reinstatement upon the conclusion of his two-year suspension. The hearing panel unanimously approved the agreement with some conditions upon reinstatement. We approve the panel's recommendation.

Weatherford was convicted of three separate offenses for driving under the influence, with two of these incidents occurring in 2007 and one taking place in 2009. On November 17, 2011, this court temporarily suspended him from the practice of law pursuant to SCR 111, which governs the suspension of attorneys convicted of crimes. Thereafter, in June 2013, Weatherford and the State Bar entered into a

14-31673

written conditional guilty plea agreement in accordance with SCR 113. Under its terms, Weatherford agreed to plead guilty to a violation of RPC 8.4(b) (providing that it is misconduct for an attorney to "[c]ommit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects"). The agreement provided for a two-year suspension, running from November 17, 2011, the effective date of Weatherford's SCR 111 temporary suspension.

With regard to Weatherford's reinstatement, the panel recommended that he be reinstated subject to a number of conditions. First, the panel recommended that he be required to enroll in a mentoring program approved by the Office of Bar Counsel for two years and that his mentor submit quarterly reports to the State Bar regarding Weatherford's handling of cases and clients and whether he is maintaining his sobriety. Second, the panel recommended that he be required to attend Alcoholics Anonymous meetings at least once a week and that he submit proof of his attendance on a quarterly basis to the office of bar counsel. Third, the panel recommended that he submit, at his expense, to four random urinalyses tests every year, preferably one test per quarter, to be coordinated by the Office of Bar Counsel. Fourth, it was recommended that Weatherford be required to seek treatment from a licensed mental health professional, if requested to do so by the Office of Bar Counsel, and that the treating professional provide regular reports, as needed, to the Office of Bar Counsel. Fifth, the panel recommended that, if Weatherford obtains a vehicle during the first two years of his reinstatement, he be required to install a breath interlock device. Sixth, and finally, the panel recommended that Weatherford be required to pay the actual costs of the hearing, minus staff salaries, within 30 days of receiving a billing

SUPREME COURT
OF
NEVADA

(O) 1947A

statement for these costs from the State Bar. Weatherford did not object to these conditions and had previously stated, at the hearing regarding his discipline and reinstatement, that he would not oppose any conditions that were put on his reinstatement.

Having reviewed the record before us, we conclude that the conditional guilty plea and stated form of discipline should be approved in its entirety. We also determine that Weatherford should be reinstated subject to the conditions recommended by the hearing panel, with these conditions to remain in effect for the first two years of his reinstatement. Accordingly, Weatherford is suspended for two years, effective November 17, 2011, and ending November 17, 2013. He is further hereby reinstated to the practice of law under the conditions detailed above.

It is so ORDERED.

_____, C.J.
Gibbons

_____, J.          _____, J
Pickering                                            Hardesty

_____, J.          _____, J
Parraguirre                                        Douglas

_____, J.          _____, J
Cherry                                               Saitta

cc: Michael J. Warhola, LLC
State Bar of Nevada/Las Vegas
Jeffery R. Albregts
Kimberly K. Farmer
U.S. Supreme Court/Washington DC

SUPREME COURT
OF
NEVADA

(O) 1947A